UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KARESS M. MINER, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 2:14-cv-00729-HGD |
| ZOE'S KITCHEN USA LLC, et al., | ) |
| Defendants | ) |

## REPORT AND RECOMMENDATION

The above-entitled civil action is before the court on the Motion to Dismiss Plaintiff's Second Amended Complaint filed by defendants. (Doc. 16). However, because the undersigned found it necessary to request evidentiary filings from the parties in order to rule on this motion, it has been converted to a Rule 56 motion for summary judgment, limited to the issue raised in the motion to dismiss, that is, whether the plaintiff timely filed her EEOC Charge of Discrimination.

The facts as set out in plaintiff's Second Amended Complaint reflect that, in February 2012, plaintiff was a customer a Zoës Restaurant at the Summit Shopping Center in Birmingham and was asked by Ebou Houma if she wanted to work for Zoës as a catering and sales marketing manager. Plaintiff began work on February 10, 2012.

In early April 2012, plaintiff was asked by Houma if she had a boyfriend and when she said "no," he inferred she should let him be her boyfriend. On April 26, 2012, Houma asked plaintiff to stop by his apartment. Plaintiff went because she believed he wanted to talk about work. However, Houma told her that his work visa had expired ten years before and his driver's license was about to expire. He wanted to get married to avoid deportation. He asked plaintiff to marry him. Houma stated that he knew plaintiff was having car, money and family troubles and that he could help her out and would do whatever it took. He stated that he would give her a week to decide.

The following day when plaintiff arrived at work, she observed that Houma was hostile in nature toward her and un-talkative. His mannerisms toward her continued to be hostile in the following days. Over the following months, he treated plaintiff disparagingly and adversely for no legitimate work reason. On or about June 29, 2012, although a flexible work schedule was a basis for her employment with Zoës and Houma, plaintiff received a written warning for tardiness.

In July 2012, plaintiff learned that Houma was away on a honeymoon. During this time, she performed her work in an exemplary manner, including catering sales that were at record highs. On July 12, 2012, at the close of plaintiff's shift, the

assistant manager for Zoës pulled plaintiff aside and informed her that Houma had instructed him to terminate plaintiff.

Plaintiff was not asked to sign a termination release and inquired as to her work status by contacting the Human Resources department. Laurie Halvorson, head of that department, indicated that she would investigate plaintiff's termination, have the denial of unemployment compensation for plaintiff reversed, and be back in touch with her. She was later informed that it was not until September 5 or 6, 2012, that plaintiff's work status with Zoës indicated termination.

Plaintiff provided an affidavit wherein she states that she does not recall seeing any posters in the Zoës location in which she worked that dealt with the rights of workers related to making complaints to the Equal Employment Opportunity Commission. (Doc. 28, Miner Aff., at ¶ 4). Jeff Pendleton, Regional Operator for the Birmingham area Zoës Kitchen restaurants, states that he frequently visits each restaurant, including the Summit location where Miner was employed. According to Pendleton, throughout Miner's employment at Zoës, a copy of the EEOC's "Equal Employment Opportunity is THE LAW" poster was posted in the restaurant in a conspicuous place where other employment-related information and documents also were posted. (Doc. 27, Ex. A, Pendleton Aff., at ¶ 4). A true and correct copy was provided at attached as an attachment to Pendleton's affidavit.

On February 6, 2012, plaintiff filed a Charge of Discrimination with the EEOC. After receiving her Right to Sue letter, plaintiff filed this action on April 21, 2014. In her Second Amended Complaint, she makes claims pursuant to Title VII for *quid pro quo* sexual harassment (Count I) and sex discrimination (Count II), and state law claims for negligence (Count III), negligent retention (Count IV), negligent supervision (Count V), negligence *per se* (Count VI), and outrage/intentional infliction of emotional distress (Count VII). (Doc. 14, Second Amended Complaint).

Pursuant to Rule 201(b)(2), Fed.R.Evid., the undersigned also notes that plaintiff's Charge of Discrimination is dated January 31, 2013, and stamped as received at the EEOC Birmingham District Office on February 8, 2013. (Doc. 17-2, Charge of Discrimination). Pursuant to this same rule, the undersigned takes notice of the records of the Alabama Department of Industrial Relations, Unemployment Compensation Division. In particular, the undersigned takes notice of the Notice of Claim and Request for Separation Information which reflects that plaintiff filed for unemployment compensation on August 24, 2012, and indicated that her last day of work was July 12, 2012. (Doc. 17-1, Notice of Claim). Likewise, the undersigned takes notice of the Notice of Right to Sue dated September 30, 2013, which reflects it was mailed to plaintiff and to plaintiff's attorney. The undersigned also takes notice of a letter from the EEOC to plaintiff's counsel dated February 24, 2014, reflecting

that the Commission received notice that the Right-to-Sue letter was not mailed to the most current address on file for plaintiff (Charging Party) and that it was, on this date, mailing it to the current address. (Doc. 14-1). Finally, the undersigned takes notice of the fact that the EEOC Right-to-Sue letter was mailed to plaintiff's counsel at the same address which is currently listed for him with the Alabama Bar Association. By affidavit, counsel for plaintiff states that he received Miner's Right-to-Sue letter on February 25, 2014. (Doc. 26-2, Harp Aff., at ¶ 14).

Defendant Zoës asserts that it is entitled to dismissal of plaintiff's sexual harassment and discrimination claims because she failed to timely file her claim with the Equal Employment Opportunity Commission (EEOC). According to 42 U.S.C. § 2000e-5(e)(1), a charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred. Regarding claims arising from allegations of a "hostile work environment," the timely filing provision of Title VII requires that a plaintiff file her charge within 180 days after "an act contributing to the claim occurs." *Nat'l. R.R. Passengers Corp. v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 2074, 153 L.Ed.2d 106 (2002). Plaintiff alleges no acts of discrimination or hostile work environment occurring beyond the date of her termination, July 12, 2012.

Plaintiff alleges that there is a question as to when she actually was terminated because the fact of her termination was not entered into Zoës computer system until September 5, 2012. However, the date when plaintiff's termination was entered into defendant's computer system is irrelevant. Plaintiff admits she was told that she was terminated on July 12, 2012. When she applied for unemployment compensation with the Alabama Department of Industrial Relations in August 2012, she asserted that she was terminated on July 12, 2012. Consequently, she had 180 days from July 12, 2012, to file a Charge of Discrimination with the EEOC.

However, plaintiff alleges that she is entitled to equitable tolling of the 180 period on the basis that she "fully expects discovery to show that she was not terminated in accordance with the Defendant's written procedures or guidelines." (Doc. 19, Plaintiff's Brief, at 4-5). The fact that plaintiff may not have been terminated according to Zoës written guidelines and that the termination was not entered into Zoës computer system until September 5, 2012, does not provide a basis for equitable tolling.

In *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court [under Title VII], but a requirement that, like a statute of limitations, is subject

to waiver, estoppel, and equitable tolling." In order for equitable tolling to be justified in this case, the facts must show that, in the period more than 180 days prior to filing her complaint with the EEOC, plaintiff had no reason to believe that she was a victim of unlawful discrimination. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 660 (11th Cir. 1993). The EEOC charge filing period does not begin to run until the employee receives "unequivocal notice of the adverse employment decision." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n.19 (11th Cir. 1996).

Although, after her termination, plaintiff sought to have her termination "reversed," it is clear from the pleadings that plaintiff was unequivocally informed on July 12, 2012, that she was being terminated. She immediately applied for unemployment compensation, listing July 12, 2012, as her last day of employment. Plaintiff admits that, after her termination, she made repeated attempts to inform Laurie Halvorson in the Human Resources Department of inappropriate advances, outrage and sexual harassment visited upon her by Houma. Consequently, she cannot claim that she was unaware that she had been the victim of discrimination.

Employers are required to post a notice of employees' rights regarding acts of sexual harassment and discrimination. 42 U.S.C. §2000e-10(a). An employer's failure to post the requisite notice will equitably toll the 180-day notification period. However, it will toll it only until the employee acquires *general* knowledge of her

right not to be discriminated against, or the means of obtaining such knowledge. *See McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984) (in ADEA case, where employer fails to post requisite notice, once an employee suspects that he may have been discriminated against on account of age and is also generally aware of his legal right to obtain redress for that wrong, he possesses sufficient knowledge to enable him to vindicate his rights); *see also Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41, 47 (1st Cir. 2005) (Title VII case); *Robinson v. Caulkins Indiantown Citrus Co.*, 701 F.Supp. 208 (S.D.Fla. 1988).

However, if notice is properly posted and the employee does not see it, or sees it but is still not aware of her rights, there normally will be no tolling of the filing period. *McClinton*, 743 F.2d at 1486 n. 6. In this case, plaintiff did not state that there was no poster filed, only that she does not recall seeing it. A plaintiff's statement that she never saw a poster does not establish, for purposes of tolling the filing period, that the notice was not actually posted. *Peffley v. Durakool, Inc*., 669 F.Supp. 1453, 1459 (N.D.Ind. 1987). Even though plaintiff states that she does not recall seeing the EEOC poster, Pendleton unequivocally states that it was posted in the Summit store in the area where other employment-related information also was posted. Thus, the testimony that the required poster was posted in the store in which plaintiff worked is uncontested. Furthermore, Miner does not contend that she was unaware of her

general rights to be free of sexual harassment and discrimination. Therefore, this does not provide a basis for equitable tolling.

Miner asserts also that she is entitled to fact-finding with regard to when she was actually fired from Zoës, alleging that there was confusion regarding the date her termination was actually entered into Zoës' records. However, Miner testified that she was told on July 12, 2012, that she was being terminated on that date. When she applied for unemployment compensation the following month, she listed July 12, 2012, as her date of termination. Thus, the date on which this information was put into Zoës' computer system is irrelevant. Plaintiff was terminated on July 12, 2012, and she was aware of the fact that she was terminated on that date.

For an EEOC charge to be timely in a non-deferral state, such as Alabama, the charge must be filed within 180 days of when the alleged violation occurred. 42 U.S.C. § 2000e-5(e)(1); *see Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Because plaintiff was terminated on July 12, 2012, and did not file a Charge of Discrimination with the EEOC until January 31, 2013, 203 days elapsed. Therefore, plaintiff failed to file her charge in a timely manner.

Based on the foregoing, it is RECOMMENDED that defendants' motion to dismiss, as converted to a motion for summary judgment, be GRANTED as to Counts I and II of the complaint.[1]

Defendants also have asserted that plaintiff's state law claims are due to be dismissed for failure to state a claim upon which relief can be granted. Title 28 U.S.C. § 1367 provides in relevant part, "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [federal question jurisdiction] if– . . . (3) the district court has dismissed all claims over which it has original jurisdiction, . . .". 28 U.S.C. § 1367(b)(c)(3). This statute further provides, "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Therefore, it is further RECOMMENDED that the court DECLINE to exercise supplemental jurisdiction over plaintiff's state law claims contained in Counts III, IV, V, VI and VII and that such claims be DISMISSED WITHOUT PREJUDICE to plaintiff's ability to reassert

---

[1] Because the evidence reflects that neither plaintiff nor plaintiff's counsel received a copy of the Right-to-Sue letter until February 25, 2014, the lawsuit was timely filed. However, because the Charge of Discrimination was untimely, plaintiff has failed to exhaust her administrative remedies and is barred from proceeding with her claims under Title VII.

those claims in a complaint filed in state court within the period provided in 28 U.S.C. § 1367(d).

### NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 20th day of February, 2015.

                                    HARWELL G. DAVIS, III
                            UNITED STATES MAGISTRATE JUDGE