UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KARESS M. MINER,** )  | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **Case No.  2:14-cv-00729-MHH** |
| ) | |
| **ZOË'S KITCHEN USA LLC, et al.,** ) | |
| ) | |
| **Defendants** ) | |

## MEMORANDUM OPINION

This is a sexual harassment action.  The case initially was assigned to Magistrate Judge Harwell Davis.  On February 20, 2015, Judge Davis entered a report in which he recommended that the Court dismiss Ms. Miner's Title VII claims because Ms. Miner waited too long to file her EEOC charge.  (Doc. 29, pp. 9–10).  Judge Davis also recommended that the Court dismiss Ms. Miner's state law claims without prejudice so that Ms. Miner may pursue those claims in state court if she wishes.  (Doc. 29, pp. 10–11).

Ms. Miner filed objections to the report and recommendation.  (Doc. 30). Because the parties did not consent unanimously to dispositive jurisdiction by a magistrate judge, the case was reassigned to the undersigned judicial officer for

1

review of the record and consideration of Ms. Miner's objections to the report and recommendation. For the reasons stated below, the Court adopts Judge Davis's report and accepts his recommendation.

## I. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes timely objections to a Report and Recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

When no party files objections, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted), *cert. denied*, 464 U.S. 1050 (1984). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life &*

>   *Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling). . . .

*Id.*

The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of objections; however, other courts in this Circuit have adopted such a position. *Tauber v. Barnhart,* 438 F. Supp. 2d 1366 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (Mar. 29, 2013) (portions of a report and recommendation "to which no objections

is filed are reviewed only for clear error."). Therefore, this Court reviews for clear error the portions of a report and recommendation to which no party has objected.

## II. DISCUSSION

### A. The Magistrate Judge Properly Converted the Defendants' Rule 12(b)(6) Motion to a Rule 56 Motion for Summary Judgment.

Ms. Miner contends that Judge Davis erred when he converted the defendants' Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. (Doc. 30, ¶¶ 2, 11). The Court disagrees. Rule 12(d) of the Federal Rules of Civil Procedure provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). In the Eleventh Circuit, "whenever a district judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings the judge *must* give all parties ten-days notice that he is so converting the motion." *Christy v. Sheriff of Palm Beach Cnty., Fla.*, 288 Fed. Appx. 658, 664 (11th Cir. 2008) (emphasis in original) (citation omitted).[1]

---

[1] This case was published in 2008 and stated a requirement of ten-days notice; however, the 2009 amendments to the Federal Rules of Civil Procedure revised all ten-day periods to fourteen-day periods. *See* 2009 Amendment to Fed. R. Civ. P. 6(a), 12(d).

4

Defendants attached two exhibits to their motion to dismiss. (*See* Docs. 17-1, 17-2). Ms. Miner also attached exhibits to her response in opposition. (*See, e.g.,* Doc. 19-1). On February 5, 2015, Judge Davis notified the parties that he would consider the attached exhibits and therefore would convert the motion to dismiss to a motion for summary judgment. (Doc. 25). In the order converting the motion, Judge Davis gave the parties fourteen days to file additional affidavits and make requests for discovery pursuant to Rule 56(d). (Doc. 25, pp. 1–2). In his report and recommendation, Judge Davis considered some of the evidence that the parties presented to the Court. (Doc. 29, p. 8). Therefore, Judge Davis properly converted defendants' 12(b)(6) motion to a Rule 56 motion for summary judgment.

B. **The Magistrate Judge Properly Considered the Affidavit of Jeff Pendleton.**

Ms. Miner objects to the Judge Davis's reliance on the affidavit of Jeff Pendleton. (Doc. 30, ¶¶ 4–6). Ms. Miner explains that Mr. Pendleton initially claimed to have personal knowledge of the facts in his affidavit, but later "retract[ed]" his claim of personal knowledge by saying that his statements were true to the best of his knowledge. (Doc. 30, ¶ 5).

Pursuant to Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). Consequently, "affidavits based, in part,

5

upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." *Johnson v. Rosier*, 578 Fed. Appx. 928, 929 (11th Cir. 2014) (citation omitted). "However, courts should not be unnecessarily hyper-technical and overly harsh on a party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied." *Hughes v. Amerada Hess Corp.*, 187 F.R.D. 682, 685 (M.D. Fla. 1999) (internal quotation omitted). In *Hughes*, the plaintiff's affidavit stated that it was based on personal knowledge, but the notary section of the affidavit read "to the best of her knowledge and ability." *Id.* The Court determined that "[t]o find that the Affidavit does not comply with Federal Rule of Civil Procedure 56[(c)(4)], merely for this reason, would be unnecessarily hyper-technical and unduly harsh." *Id.* (internal quotations omitted).

Mr. Pendleton states at the beginning of his affidavit that he has "personal knowledge of all facts set forth below." (Doc. 27-1, p. 1). The content of Mr. Pendleton's affidavit reinforces that he has personal knowledge of the facts in his affidavit. Mr. Pendleton states that he was a regional operator over the Summit location of Zoë's Kitchen during Ms. Miner's employment, that he frequently visited the Summit location, and that there was an EEOC poster hanging in a conspicuous place at the restaurant during Ms. Miner's employment. (Doc. 27-1,

6

¶¶ 2–4).  It is only at the end of his affidavit, in a line that does not contain factual assertions, that Mr. Pendleton's affidavit states, "[t]he foregoing is true and correct to the best of my knowledge, and I declare it under penalty of perjury."  (Doc. 27-1, ¶ 6).  It would be unnecessarily harsh and hyper-technical for the Court to find that the affidavit does not comply with Rule 56 based on a loosely worded section of the affidavit that does not contain factual assertions.  Therefore, the Magistrate Judge properly considered the affidavit of Jeff Pendleton.

  **C.** **The Magistrate Judge Properly Concluded that the 180-Day Period During Which Ms. Miner Could File her EEOC Charge Began on July 12, 2012.**

Finally, Ms. Miner states in her objections that the Magistrate Judge erred when he found that Zoë's terminated her on July 12, 2012.  Ms. Miner contends that a genuine issue of material fact exists with respect to her date of termination and that she needs additional discovery to identify that date of termination.  (Doc. 30, ¶¶1, 3, 7–11).  The Court disagrees.

In a Title VII action, "a plaintiff must file a timely charge of discrimination with the EEOC within 180 days of the last discriminatory act."  *H&R Block Eastern Enterprises, Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (quoting *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001)).  Ms. Miner asserts a Title VII claim for sexual harassment that culminated in her wrongful

termination and a Title VII claim for discrimination based on her sex. (Doc. 14, Counts I and II). The last date on which Ms. Miner was in a position to suffer harassment or discrimination at the hands of Mr. Houma was July 12, 2012, the last day that she worked at the Zoë's restaurant at issue. The Magistrate Judge properly concluded that July 12, 2012 was the trigger date for the 180-day period for filing a charge of discrimination. (Doc. 29, p. 4); *Morris*, 606 F.3d at 1295 (finding that even though plaintiff reported that latest date of discrimination was June 14, 2006, the plaintiff "last worked in Block's offices in April or May of 2005," making May 2005 the last date on which a discriminatory act could have occurred such that the 180-day window for filing a charge of discrimination began in May 2005).

Ms. Miner argues that her termination was not official until the paperwork for the termination was complete. She contends that she needs discovery to determine the actual date of her termination. The Magistrate Judge addressed Ms. Miner's argument directly, holding:

> the date when plaintiff's termination was entered into defendant's computer system is irrelevant. Plaintiff admits she was told that she was terminated on July 12, 2012. When she applied for unemployment compensation with the Alabama Department of Industrial Relations in August 2012, she asserted that she was terminated on July 12, 2012. Consequently, she had 180 days from July 12, 2012, to file a Charge of Discrimination with the EEOC.

(Doc. 29, p. 6; *see also* Doc. 29, p. 9). The Court's *de novo* review of the record confirms the Magistrate Judge's finding. (See Doc. 11-1, p. 3; Doc. 11-2, pp. 1, 4-5; Doc. 14, ¶ 30). Ms. Miner has pled no facts and offered no evidence that suggests that she was in a position to suffer discrimination or harassment by Mr. Houma after July 12, 2012. More than 180 days elapsed before Ms. Miner filed her charge of discrimination on January 31, 2013. (Doc. 11-2, p. 1). Consequently, her Title VII claims are time-barred.

### III. CONCLUSION

After careful consideration of the record in this case, the Magistrate Judge's report and recommendation, and all of the plaintiff's objections, the Court **ADOPTS** the report of the Magistrate Judge. The Court **ACCEPTS** the recommendation of the Magistrate Judge that the motion to dismiss filed by defendants, converted by the court to a motion for summary judgment, be granted as to Counts I and II of the complaint, and Counts I and II be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims contained in Counts III, IV, V, VI and VII, and **ORDERS** that such claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367.

The Court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this May 30, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE